IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN S. WALDEN, #435373 * | |
| Petitioner, | |
| v.   * | CIVIL ACTION NO. GLR-17-53 |
| WARDEN KATHLEEN GREEN * | |
| Respondent. | |

\*\*\*\*\*

## MEMORANDUM OPINION

On January 6, 2017, this Court received a two-page 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus from John S. Walden, an inmate confined at the Patuxent Institution in Jessup, Maryland.  Walden claims that he is being held illegally because his release date is not accurately reflected in his commitment records.  He contends that his correct release date is reflected in his base file, which is held at another correctional institution.  (ECF No. 1).

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 489–90, 500 (1973) (holding that state prisoner's civil rights action for injunctive relief seeking restoration of good time credits should proceed as habeas corpus matter).   Walden does not contend that a state remedy is unavailable for his claims, and a review of the cause of action as well as the state court docket reveals that he has not fully exhausted his remedies on this issue.

Assuming that Walden has presented claims that implicate constitutional issues, his § 2241 claims may not proceed due to his failure to demonstrate exhaustion of state court remedies for each ground he raised.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490–91

(1973).  An inmate claiming an entitlement to an immediate release may seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

3. Seeking <u>certiorari</u> to the Court of Appeals from a decision by the Court of Special Appeals.

<u>See</u> Md. Rule 15-301, <u>et</u> <u>seq</u>.; Md. Rule 8-201, <u>et</u> <u>seq</u>.; and Md. Rule 8-301, <u>et</u> <u>seq</u>.

Because Walden has not exhausted his remedies, his case will be dismissed without prejudice.[1]  A separate Order follows.[2]

Date:  January 31, 2017                                /s/
                                                George L. Russell, III
                                                United States District Judge

---

[1] The Court observes that the Petition is captioned to be filed in the Circuit Court for Baltimore County.  (ECF No. 1 at 1).  The envelope, however, is addressed to the Clerk of this Court.  According to the state court docket, on October 6, 2015, Walden was convicted and sentenced to a three-year term on one count of burglary-4th degree theft in the Circuit Court for Baltimore County, Maryland.  <u>See</u> <u>State v. Walden</u>, Case Number 03K15002917  (Cir. Ct. Balt. Cty.).  If Walden intended to file his Petition in state court, he should refile his action in the Circuit Court for Baltimore County, County Courts Building, 401 Bosley Avenue, Towson, Maryland 21204-0754.

[2] As of the signature date, the docket does not show that Walden filed the $5.00 habeas fee or an indigency application.  In light of the summary dismissal of the matter, however, Walden shall not be ordered to correct this omission.